In the Matter of RITA HAYMAN (Admitted as RITA HERZKA HAYMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 22, 1987

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*Myron Beldock* of counsel *(Beldock, Levine & Hoffman,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Petitioner, the Departmental Disciplinary Committee,

moves for an order pursuant to 22 NYCRR 603.4 (d) confirming the findings of fact and conclusions of law of the Hearing Panel which, following the hearing, recommended that respondent should be suspended from the practice of law for a period of no more than one year or until such further order of the court.

Respondent, under the name Rita Herzka Hayman, was admitted to practice as an attorney and counselor-at-law in the First Judicial Department on December 22, 1969. At all times hereinafter mentioned she has maintained an office for the practice of law within the First Department. The Committee charged respondent in charge No. 1 with violating Code of Professional Responsibility, DR 6-101 (A) (3) by neglecting a legal matter entrusted to her. The circumstances were that, after being retained in the summer of 1978 to appeal the criminal conviction of Valentin Vasquez, respondent failed to perfect the appeal until February 1985. In charge No. 2, respondent was charged with violating Code of Professional Responsibility, DR 1-102 (A) (4) and (5) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation and conduct prejudicial to the administration of justice in that, after the family of Valentin Vasquez complained to the Committee, in or about April 1982, that respondent had failed to file the appeal brief on behalf of Mr. Vasquez and failed to answer letters or calls, respondent represented to the Committee that she expected to serve and file the appellate brief in time for the September 1982 Term but did not perfect the appeal until approximately three years later in time for the June 1985 Term.

The respondent served an answer to these charges which admitted the central factual allegations. In addition, she entered into a prehearing stipulation of undisputed facts which also confirmed the facts underlying the charges. After a hearing, the Hearing Panel found, *inter alia,* that on May 4, 1978, Valentin Vasquez was convicted after trial of the criminal sale of a controlled substance and received the minimum sentence of 15 years to life. During the period August to September of 1978, respondent was retained to represent Mr. Vasquez by the Vasquez family. Respondent was paid a fee to cover all postconviction proceedings, including an appeal to the Appellate Division. She moved to vacate Mr. Vasquez' conviction. After a hearing before the Trial Judge, this motion was denied June 30, 1980. Respondent worked on the appeal to the Appellate Division, Second Department, intermittently,

in 1981 and 1982. From 1978 to 1985, the respondent hired or obtained the services of several lawyers to research, write and edit parts of the appellate brief. She herself, however, maintained sole responsibility for the appeal. In April of 1982, Mr. Vasquez' brothers, Felix and Juan, complained to the Departmental Disciplinary Committee for the First Judicial Department about respondent's unexplained failure to file the appellate brief on behalf of Valentin Vasquez.

In her answer to this complaint, dated May 21, 1982, respondent represented to the Disciplinary Committee that she would file the brief with the Appellate Division in time for the September 1982 Term. Nevertheless, respondent neglected and failed to perfect the Vasquez appeal in a timely fashion. Another attorney filed a brief on behalf of Mr. Vasquez in February of 1985. The Vasquez family paid an additional fee to this attorney. The Appellate Division, Second Department, decided the Vasquez case in December 1985. It reversed his conviction on the grounds there was insufficient evidence of his commission of any crime. Mr. Vasquez was released from prison after 7½ years of incarceration.

On review of the record before the Hearing Panel, we confirm the conclusions reached by the Panel. The record establishes that respondent is guilty of neglecting a legal matter entrusted to her, in violation of Code of Professional Responsibility DR 6-101 (A) (3), in that she failed to perfect the criminal appeal of Valentin Vasquez until February 1985. In addition, respondent is guilty of engaging in misrepresentation and conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (5), having represented to the Departmental Disciplinary Committee, in response to complaints, that she expected to file the Vasquez brief in time for the September 1982 Term of the appellate court when, in fact, she delayed almost three more years before perfecting the appeal.

The Hearing Panel notes that the respondent has been previously disciplined, in that she was admonished in May 1984. The basis for that admonition was respondent's failure to finalize, by ministerial acts, a client's divorce, which resulted in the divorce action being deemed abandoned.

Although we note the seriousness of respondent's actions, we agree with the Hearing Panel that a one-year suspension is adequate to protect the public interest and to reflect the seriousness of the neglect involved, taking into account re-

spondent's background and the circumstances of her misconduct. Respondent's neglect appears to have arisen not from her abandonment of the matter, but from an obsessive compulsion on her part not to deal with it, reflected in her inability to perfect the appeal.

Accordingly, the motion by the Departmental Disciplinary Committee is granted and the findings of fact and conclusions of law made by the Hearing Panel are confirmed and respondent is suspended from the practice of law for a period of one year, effective 30 days from the date of this court's order, and until the further order of this court.

MURPHY, P. J., SANDLER, CARRO, ASCH and MILONAS, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of one year, or until the further order of this court, effective February 23, 1987.